UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00411-FDW-DCK

| | |
|---|---|
| NATASHIA STEWART, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GM FINANCIAL, KENYA TODD, )<br>MICHAEL ALLMAN, CYNTHIA )<br>TURNER, CATRINA JETT-CAMERON, )<br>SHAWNDRA THOMAS and UNNAMED )<br>GM FINANCIAL LEAVE OF ABSENCE )<br>ADMINISTRATORS, )<br>)<br>Defendants. )<br>_____) | ORDER |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 3) and Motion to Dismiss for Failure to State a Claim (Doc. No. 5). Plaintiff filed responses in opposition to both motions (Docs. Nos. 10, 11), to which Defendants replied (Docs. Nos. 19, 20), and the motions are now ripe for review.

## I. BACKGROUND

According to her pro se complaint, Plaintiff is a full-time employee with GM Financial in Huntersville, North Carolina, where she has worked since August 17, 1999. (Doc. No. 1, p. 7). On July 20, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that because of her disability, Defendant GM Financial "continually refused to properly accommodate" her and "subject[ed] [her] to retaliatory treatment and derogatory comments relating to [her] disability." (Doc. No. 1-1, p. 1). Moreover, she alleges "GM Financial is subjecting [her] to a transfer without warning or explanation,

1

heightened scrutiny, and refuses to assist [her] when [she] ask [sic] for help." Id. In her Statement of Discrimination, Plaintiff stated in entirety: "I believe I have been discriminated and retaliated against because of my disability in violation of the Americans with Disability Act." Id.

On June 21, 2019, the EEOC issued a Right to Sue letter to Plaintiff, which noted the EEOC closed its file because it was "unable to conclude that the information obtained establishe[d] violations of the statutes." Id. at 2. Shortly thereafter, on August 22, 2019, Plaintiff filed the instant case against Defendants Kenya Todd ("Todd"), Michael Allman ("Allman"), Cynthia Turner ("Turner"), Catrina Jett-Cameron ("Jett-Cameron"), Shawndra Thomas ("Thomas"), unnamed GM Financial Leave of Absence Administrators ("Unnamed Defendants") (collectively, "Individual Defendants") and GM Financial ("GM Financial"). (Doc. No. 1, p. 2). Plaintiff alleges violations of Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Family and Medical Leave Act, and the Thirteenth Amendment to the United States Constitution, in addition to allegations of retaliation, harassment, and a hostile work environment. Id. at 3.

Defendants filed their motions to dismiss based on Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and consequently 12(b)(2), as well as Rule 12(b)(6). (Docs. Nos. 3, 5). The Court issued Plaintiff a Roseboro notice in which it informed Plaintiff of her rights and responsibilities in responding to the motions. (Doc. No. 9).

## II.  STANDARD OF REVIEW

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the

2

same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

   A. **Process, Service of Process, and Personal Jurisdiction**

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) provide for dismissal of a case when a litigant does not adequately abide by the rules regarding process and service of process. See Fed. R. Civ. P. 12(b)(4)-(5); see also Brown, 2015 WL 4557368, at *2. Process pertains to the sufficiency of the forms, whereas service of process relates to the delivery of the pleadings on a party. See Brown, 2015 WL 4557368 at *2. "It is important to note that proceeding *pro se* ordinarily will not excuse failure to properly accomplish service or a failure to understand the rules." Id. at *3; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law.'") (footnote omitted) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). The Fourth Circuit has likewise made clear that "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a *pro se* plaintiff." Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 305 (4th Cir. 2016) (per curiam). In other words, "[a]lthough courts should liberally construe the requirements of the Federal Rules of Civil Procedure if a defendant has actual notice of a suit against it, 'plain requirements for the means of effecting service of process may not be ignored.'" Jones v. Se. Reg'l Med. Ctr., No. 7:18-cv-28-D, 2019 WL 97036, at *3 (E.D.N.C. Jan. 2, 2019) (quoting Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)).

3

The Plaintiff has the burden of proving that process has been executed in accordance with Rule 4 of the Federal Rules of Civil Procedure. Sweeting v. Wells Fargo Bank, No. 3:17-cv-00309-FDW, 2017 WL 3923978, at *3 (W.D.N.C. Sept. 7, 2017).

It is well-settled law that without valid process or service of process, the Court has no jurisdiction over a defendant. See, e.g., Armco, 733 F.2d at 1089. Without personal jurisdiction over the defendants, the case must be dismissed. See Fed. R. Civ. P. 12(b)(2).

**B. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) likewise provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not

> necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

### III. ANALYSIS

#### A. Motion to Dismiss—Lack of Personal Jurisdiction

Defendants' first motion to dismiss is based on lack of personal jurisdiction. (Doc. No. 3). Defendants raise three arguments in this motion: first, Plaintiff failed to include a copy of the complaint with the summons; second, the summons for GM Financial was not directed to an officer, director, or other authorized agent of the corporation; and third, the summonses were mailed to an office where none of the individual defendants worked. Id. Each argument is analyzed below.

**1. Failure to Include Copy of the Complaint with the Summons**

Defendants' first argument in favor of its motion to dismiss is that Plaintiff failed to include a copy of the complaint with the summons. (Doc. No. 4, p. 4). Plaintiff admits "that a copy of the complaint was not sent with the summon [sic] but, when [she] submitted [her] complaints to the courts [sic], it was attached, and all information was available in Pacer." (Doc. No. 11, p. 2).

Federal Rule of Civil Procedure 4(c)(1) states in its entirety that "A summons *must* be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1) (emphasis added). "It is clear . . . that even though a copy of the complaint is on file at the clerk's office, service of a summons without a copy

5

of the complaint is not effective service." 4A. Fed. Prac. & Proc. Civ. § 1093 (4th ed.).

Other courts have determined the basic process requirements of Rule 4 must be closely followed. In Diede v. UNC Healthcare, No. 5:16-cv-00788-BR, 2018 WL 3448219 (E.D.N.C. July 17, 2018), the Eastern District of North Carolina concluded that dismissal was warranted when the *pro se* plaintiff failed to serve a defendant with both the summons and a copy of the complaint. Diede, 2018 WL 3448219, at *3 ("Because plaintiff has failed to show compliance with the requirements of Rule 4, dismissal is warranted for plaintiff's failure to effect service."). The Eastern District similarly dismissed a complaint where, although the plaintiff believed she served sufficient process, the Defendant never "receive[d] the summons or a complete copy of [the plaintiff's] complaint." Jones, 2019 WL 97036, at *1. Relying in part on Patterson v. Brown, No. 3:06-cv-476, 2008 WL 219965, at *9-11 (W.D.N.C. Jan. 24, 2008), rev'd in part sub nom. Patterson v. Whitlock, 392 F. App'x 185, 191-92 (4th Cir. 2010) (per curiam) (reversing because Defendants failed to timely raise the defense of insufficient process and thus waived any defense as to that point), the Jones court properly determined that the *pro se* plaintiff's failure to include the summons and a complete copy of the complaint constituted insufficient process. Jones, 2019 WL 97036, at *3-4. Even in light of the reduced standards afforded *pro se* litigants, the "mistake does not excuse that litigant from the Federal Rules of Civil Procedure." Id. at 4.

It is clear Plaintiff has failed to meet her burden proving she complied with the requirements of serving sufficient process to Defendants, even in light of the liberal construction afforded *pro se* litigants. According to the Declaration of Lora Stanford, a Senior Paralegal for GM Financial who received the package containing the summonses, no copies of the complaint were included with the summonses. See (Doc. No. 4-1, p. 1, ¶ 5). Moreover, Plaintiff concedes

6

that she failed to serve sufficient process on Defendants, instead stating "that a copy of the complaint was not sent with the summon [sic] but, when [she] submitted [her] complaints to the courts [sic], it was attached, and all information was available in Pacer." (Doc. No. 11, p. 2). The requirement to serve both the summons and a complete copy of the complaint is a clear requirement of Rule 4, which cannot be ignored, even with a liberal construction. See Armco, 733 F.2d at 1089. Thus, the Court finds that process was insufficient. To the extent Plaintiff misunderstood the Roseboro notice issued by the Court as an opportunity to remedy defective process, see (Docs. Nos. 9, 11, 12, 19), the Court finds that service of process was still deficient for the reasons explained below in Sections III(A)(2)-(3).

### 2. Summons Was Not Directed to an Officer, Director, or Other Authorized Agent

Defendant GM Financial's second argument in favor of its motion to dismiss is that the summons was not directed or addressed to a GM Financial officer, director, or other managing or authorized agent. (Doc. No. 4, p. 4). Plaintiff contends she properly directed and addressed the summons by mailing it to GM Financial's Vice President and Associate Counsel Marci Mancuso. (Doc. No. 11, p.2).

Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
    (2) doing any of the following:
        (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> . . . .
>
> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> > (1) in a judicial district of the United States:
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> > (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(e), (h). As the above requirements make clear, a corporation, partnership, or association can be served according to the law of the state in which the district court sits or where service was made, which in this case is North Carolina and Texas, respectively. The North Carolina Rules of Civil Procedure provide, in relevant part:

> (j) Process -- Manner of service to exercise personal jurisdiction. -- In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
> > (1) Natural Person. – Except as provided in subdivision (2) below, upon a natural person by one of the following:
> > > a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> > > b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service

8

> of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.
>
> . . . .
>
> (6) Domestic or Foreign Corporation. – Upon a domestic or foreign corporation by one of the following:
> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1), (6). Where a plaintiff does not designate or identify an officer, director, or managing or authorized agent to receive process in the summons to a corporation to be served, the summons is defective. Sweeting, 2017 WL 3923978, at *3. Said differently, "[s]ummons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face." Id. at *3.

The rules in Texas are similar:

> Process--including citation and other notices, writs, orders, and other papers issued by the court--may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court. Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending. But no person who is a party to or interested in the outcome of a suit may serve any process in that suit, and, unless otherwise authorized by a written court order, only a sheriff or constable may serve a citation in an action of forcible entry and detainer, a writ that requires the actual taking of possession of a person, property or thing, or process requiring that an enforcement action be physically enforced by the person delivering the process. The order authorizing a person to serve process may be made without written motion and no fee may be imposed for issuance of such order.

Tex. R. Civ. P. 103. Moreover,

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

Tex. R. Civ. P. 106(a). The Texas Business Organizations Code further specifies:

> For purpose of service of process, notice, or demand:
> (1) the president and each vice president of a domestic or foreign corporation is an agent of that corporation.

Tex. Bus. Orgs. Code § 5.255.

Courts agree that the requirement articulated in Rule 4(c)(2) of the Federal Rules of Civil Procedure, namely that a party may not personally serve process, applies to service of process by mail under state law. Compare Filloramo v. United Event Serv., No. 3:13CV348-RJC-DSC, 2015 WL 2381047, at *2 (W.D.N.C. Mar. 26, 2015) (magistrate judge memorandum and

recommendation), report and recommendation adopted sub nom. Filloramo v. United Events Serv., No. 3:13-cv-348-RJC-DSC, 2015 WL 2400808 (W.D.N.C. May 19, 2015) ("[A] plaintiff cannot serve a defendant by personally placing the summons and complaint in the mail") and N.C. Gen. Stat. § 1A-1, Rule 4(a) with Nagy v. George, 286 F. App'x 135, 137 (5th Cir. 2008) (per curiam) ("[Plaintiff] served defendants by personally sending them the summons and complaint via certified mail. This method of service did not conform to either the established federal or [Texas] methods of service.") and Tex. R. Civ. P. 103 ("[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."); see also Fed. R. Civ. P. 4(c)(2).

In the case at bar, Plaintiff served process on GM Financial by mail. See, e.g., (Doc. No. 11, p. 2). Thus, service of process was not made pursuant Federal Rule 4(e)(2) and 4(h)(1)(B), but instead was made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); see also Fed. R. Civ. P. 4(h)(1)(A) (cross-referencing Fed. R. Civ. P. 4(e)(1)). To the extent plaintiff failed to direct the summons for GM Financial to any individual, the summons is facially defective. (Doc. No. 2, p. 1-2); see also Sweeting, 2017 WL 3923978, at *3. Additionally, Plaintiff has not shown that she mailed or otherwise directed the summons for GM Financial to an officer, director, or managing or authorized agent as required by North Carolina law. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6). Instead, she mailed the summons to Marci Mancuso, Vice President and Associate Counsel of GM Financial according the EEOC Right to Sue notice. (Doc. No. 1-1, p. 2; Doc. No. 11, p. 2).

Plaintiff, having mailed summons to all Defendants, including GM Financial, at GM Financial's corporate address in Fort Worth, attempted to serve process in Texas. See generally

11

(Doc. No. 2). Although Ms. Mancuso is not an agent authorized to receive service on behalf of GM Financial under the Federal and North Carolina Rules of Civil Procedure, she is authorized to receive process for GM Financial under Texas law by virtue of her position as a vice president with the corporation. Tex. Bus. Orgs. Code § 5.255. The service of the summons was still defective, however, because, as Plaintiff admits, she personally mailed the summons. (Doc. No. 11, p. 2). Under Federal, North Carolina, and Texas law, this fact alone makes service of process deficient.

### 3. Summonses Were Sent to the Wrong Office

Defendants' third argument supporting their motion to dismiss is that summonses were sent to an office where none of Individual Defendants work. (Doc. No. 4, p. 6). Plaintiff acknowledges the summonses were sent to the wrong location but argues the incoming mail should have reached each individual. (Doc. No. 11, p. 2).

As stated in Section III(A)(2) above, a party can be served by delivering the summons and complaint to the individual personally, by leaving the summons and complaint at the person's "usual place of abode with someone of suitable age and discretion who resides there," or by delivering copies to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Under Rule 4(e)(1), an individual can also be served by following state law, in this case, North Carolina.[1] Fed. R. Civ. P. 4(e)(1). In North Carolina, an individual can be

---

[1] Unlike service of process on a corporation, as described in Section III(A)(2) above, Texas law is irrelevant here because none of the individual defendants work in Texas; instead, they work at GM Financial's Huntersville, North Carolina location. See (Doc. No. 4, p. 6-7); see also (Doc. No. 4-1, p. 1) (declaring that Todd, Allman, Turner, Jett-Cameron, and Thomas are GM Financial employees that do not work in Texas). As it is her burden to prove that service of process was proper, see Sweeting, 2017 WL 3923978, at *3, and as Plaintiff has alleged no facts indicating that service of process on these individuals would be appropriate in Texas, the Court only analyzes service on an individual under Rule 4 of the Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure.

served by mailing him or her the summons and complaint "to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c).

"Service of process cannot be effected on [d]efendants . . . in their individual capacity by serving at their place of employment individuals not authorized to accept service." Stanley v. Gaston Cty. Dep't of Health and Human Servs., No. 3:15-CV-00551-FDW-DCK, 2016 WL 5867431, at *2 (W.D.N.C. Oct. 6, 2016); Brown, 2015 WL 4557368, at *4 (finding service of process insufficient when an individual defendant was mailed process, which was received by an individual at his place of work who was not his authorized agent). In Stanley, the Plaintiff sent summonses for each defendant to their work address, where the summonses were received by individuals not authorized to accept service on their behalf. Stanley, 2016 WL 5867431, at *2. Acknowledging the liberal standard afforded *pro se* litigants, this Court nonetheless noted "the requirements of service cannot be completely ignored," and granted the defendants' motions to dismiss. Id.

In this case, it is clear Individual Defendants were not personally served, nor were the summons and complaint delivered to any of their homes or authorized agents. Instead, and as Plaintiff admits, each individual defendant was mailed a copy of the summons. (Doc. No. 11, p. 2). The summonses, however, were mailed to the wrong location; none of the individual defendants worked at that office (in Fort Worth, Texas), and the employees that received the summonses were not authorized, either by law or appointment, to accept service on behalf of Individual Defendants. (Doc. No. 4-1, p. 1, ¶ 6). Plaintiff has not offered any evidence indicating the employees that received process were authorized to accept service for Individual Defendants. Although Plaintiff argues the Court should uphold service of process on these individuals because

13

the mail should find its way to them, see (Doc. No. 11, p. 2), to do so would be to ignore a plain and clear requirement of the rules. In other words, this is not a "technical violation of the rule or failure of strict compliance," but rather, is an unambiguous requirement to undertake a lawsuit, which "may not be ignored." Armco, 733 F.2d at 1089.

### B. Motion to Dismiss—Failure to State a Claim

Because the Court finds it lacks personal jurisdiction over Defendants, it does not reach or evaluate the merits of Defendants' Motion to Dismiss under Rule 12(b)(6). Accordingly, that motion (Doc. No. 5) is DENIED AS MOOT.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 3) is GRANTED, Defendants' Motion to Dismiss for Failure to State a Claim (Doc. No. 5) is DENIED AS MOOT, and the case is DISMISSED WITHOUT PREJUDICE.

The Court respectfully requests the Clerk of Court to mail a copy of this order to Plaintiff at her address of record.

Signed: November 7, 2019

Frank D. Whitney
Chief United States District Judge